PAUL F. SOARES, *in pro se*
798 Lighthouse Avenue Unit 330
Monterey, CA 93940
Email: mrypresid@aol.com
Facsimile: 855-631-4401; Telephone: 831-601-1220

RECEIVED
JUN 11 2021
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
_____ DIVISION

SVK

| | |
|---|---|
| Paul F. Soares, <br><br> PLAINTIFF. <br><br> vs. <br><br> East KY Excavation, Inc.; Rheo LLC; and DOES 1-5, <br><br> DEFENDANTS. | CASE # C 21 04527 <br><br> -CONVERSION OF PROPERTY <br><br> -VIOLATION OF CIVIL RIGHTS <br><br> -INTERSTATE TRANSPORTATION OF STOLEN PROPERTY |

Now comes Plaintiff, who is informed and on that basis alleges as follows:

### I.   INTRODUCTION

This complaint is brought by Paul F. Soares, sole stockholder, who was assigned the rights to collect from Defendants by KY Minerals Limited.

Plaintiff is informed and on that basis alleges that commencing on or about March, 2015, Defendants entered property owned by Plaintiff and converted timber, coal, oil, gas and other minerals to their own use and profit. Plaintiff is informed and on that basis alleges that this is not the first time that Defendant East KY Excavation, Inc. has converted the property and equipment owned by others, although allegedly many others have not had the money or the time to

sue either of the Defendants for what has allegedly become the standard business practice by Defendants. e.g.:

> (a) U.S. Bankruptcy Court E.D.KY, Adversary Proceeding # 10-07058-jms, Doc #6, 9-30-2010, *Black Diamond Mining, Company, LLC v East KY Excavation, Inc.*, wherein East KY Excavation was shown to have hidden cash for Debtor as well as accepting payments within the statutory preference period with intent to defraud other Creditors of nearly $500,000. The entire amount was transferred to East KY Excavation by Debtor between 11/21/2007 and 3/19/2008. The Involuntary Bankruptcy of Black Diamond was filed on 02/19/2008.
> [This matter is not a published case.]
>
> (b) U.S. EDKY, *Aspen Highwall, LP v East Kentucky Excavation, Inc*, #10-CV-003-ART (Hon. Amul R. Thapar):
> Wherein the Court made finding in its final Order of Default Judgment (later collected upon by Plaintiff) – that East KY Excavation converted cash and equipment and caused business losses to the Plaintiff. *(Sadly, the instant case is nearly a twin.)*
> [This matter is not a published case.]

Allegedly, each Defendant is an alter-ego of the other and both are alter ego's of individuals named Robert Skeans and Sandra Skeans, the wife of Robert Skeans.

Plaintiff is informed and on that basis alleges that Defendants transported the converted property on interstate highways from Kentucky to points of sale in West Virginia, Ohio and Tennessee.

Defendants allegedly entered the property and damaged roads, fences, gates and equipment and removed timber, coal, oil and natural gas and converted them to its own use or sold it for cash by transporting the converted property on interstate highways to nearby states for sale in violation of Interstate Commerce laws governing interstate transportation of stolen property.

## II.    PARTIES

1. Plaintiff is an individual who resides in the State of California, County of Monterey.

2. Defendant RHEO, Ltd is a limited liability company domiciled in the Commonwealth of Kentucky.  Defendant's address as provided by the Secretary of State of the Commonwealth of Kentucky is:

> Robert Skeans, Agent for Service of Process
> Rheo LLC
> 9069 Highway Route 1428
> Allen, KY  41649
> (606) 791-4601

3. Defendant East KY Excavation, Inc. is a corporation domiciled in the Commonwealth of Kentucky.  Defendant's address as provided by the Secretary of State of the Commonwealth of Kentucky is:

> Robert Skeans, Agent for Service of Process
> East KY Excavation Inc.
> 9069 Highway Route 1428
> Allen, KY  41649
> (606) 791-4601

4. The true names and capacities, whether individual, corporate, associate, officer, director, employee, representative or otherwise, of the Defendants sued under fictitious names DOES 1-5, inclusive, are unknown to me at this time. I seek leave to amend this Complaint to add such true names and capacities when they are ascertained. I am informed, believe and thereon allege that each of said fictitiously named Defendants acting in concert as co-conspirators is responsible in some manner for the acts complained of herein.  Whenever allegations are made herein, I refer to and incorporate said allegations as against all Doe Defendants. Each of the Doe Defendants is in some manner responsible for or participated in the acts complained of herein and are thus liable to me under the theories and facts stated herein, or as may be subsequently pleaded in an amended or supplemental pleading.

## III. AUTHORITY

5. This Court has authority in that:

   (a) the amount in controversy is more than $950,000; and,

   (b) neither the Plaintiff nor the Defendant are domiciled in the same State, nor do Defendants operate any office in the State of California; and,

   (c) a violation of civil rights is a federal question in that Defendant's took over Plaintiff's property and prevented him from access while they raped and pillaged vast quantities of minerals, coal and timber from the property; and,

   (d) the converted property was transported on interstate highways to multiple states for sale in violation of Interstate Commerce laws governing interstate transportation of stolen goods.

## IV. CONVERSION OF PROPERTY

6. Defendants converted and sold approximately $700,000 in oil, natural gas, timber, other minerals and equipment for their own use.

7. Defendants converted and sold approximately $250,000 of equipment owned by Plaintiff.

8. Plaintiff acquired the converted oil, natural gas, timber and other mineral rights in 1992.

9. Plaintiff acquired the equipment in 1992 through 2015.

10. Plaintiff demanded return of the property in 2017 and Defendant refused to return the property.

11. Defendants began converting the equipment and minerals in 2015 and such conversion continues through the date of filing of this complaint.

12. Plaintiff requests punitive damages in an amount equivalent to the value of the equipment and minerals converted, $950,000.

13. Defendants *failed to follow federal and state environmental laws* in extracting and

converting the minerals, damaging roads, security gates and security fencing around producing wells with its equipment. The cost of mitigation and restoration of the environmental damages is unknown at this time, but will be proven at trial.

14. Defendants purposely damaged and vandalized roads and bridges.

15. All of the acts complained of herein were caused by Defendant's negligence, because:

   (a) Defendants performed acts that a person of ordinary prudence in the same or similar circumstances would not have done; and,

   (b) Defendants failed to perform acts that a person of ordinary prudence would have done under the same or similar circumstances.

16. As a result of the Defendants converting the equipment and not allowing the Plaintiff access to the property to retrieve and remove or protect the same, the Plaintiff has suffered loss of business opportunities which have been available to the Plaintiff during that time period. The amount of loss of business opportunities will be proven at trial.

## VI. CERTIFICATION AND CLOSING.

17. By signing below, I certify to the best of my knowledge, information, and belief that this complaint:

   (1) Is not being presented for an improper purpose; and,

   (2) Is supported by existing law; and,

   (3) The factual contentions have evidentiary support; or,

   (4) If specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and,

   (5) The complaint otherwise complies with the requirements of the Federal Rules of Civil Procedure..

I declare under penalty of perjury of the laws of the United States of America that the allegations made herein are true and correct to the best of my abilities.\

Submitted.

May 30, 2021

Paul F. Soares, Plaintiff *in pro se*